Juan **MARTINEZ**; Maria De La Luz Lepe Aguilar, Petitioners,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 06–70300.

United States Court of Appeals, Ninth Circuit.

July 3, 2006.

Juan Martinez, Adelanto, CA, pro se.

Maria De La Luz Lepe Aguilar, Adelanto, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA,

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Larry P. Cote, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Agency Nos. A75–664–407, A75–664–408.

Before: PREGERSON, TALLMAN and CALLAHAN, Circuit Judges.

## ORDER

PER CURIAM.

The docket contains the agency number for the wife-petitioner but not her name. The Clerk shall amend the docket to include wife-petitioner Maria De La Luz Lepe Aguilar.

The certified administrative record has been filed. Respondent's request to stay the filing of the record pending disposition of his motion to dismiss is denied as moot.

Respondent's unopposed motion to dismiss this petition for review for lack of jurisdiction is granted. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003); *Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1144 (9th Cir.2002). All other pending motions are denied as moot.

**DISMISSED.**

PREGERSON, Circuit Judge, dissenting:

I dissent. This case, and the sixty-four others like it filed today, will have an adverse effect on children born in the United States whose parent/parents are illegal immigrants. When a parent is denied cancellation of removal, the government effectively deports the United States-born children of that parent. This unconscionable result violates due process because circumstances will force children to suffer de facto expulsion from the country of their birth or forego their constitutionally protected right to remain in this country with their family intact. *See, e.g., Moore v. City of E. Cleveland*, 431 U.S. 494, 503–05, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977) (plurality opinion) ("Our decisions establish that the Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this Nation's history and tradition."); *Stanley v. Illinois*, 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) (recognizing that "[t]he integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment").

Furthermore, as a nation we should recognize that many children born of illegal immigrants serve and have served with honor and distinction in our military forces, and many have laid down their lives on the altar of freedom.